Jordon R. Harlan, Esq. (CA #273978)
**HARLAN HILLIER DIGIACCO LLP**
122 43rd Street
Manhattan Beach, CA 90266
Telephone: (619) 330-5120
Fax: (619) 839-3895
Email: jordon@hhdlaw.com

Anna R. Rick, Esq. (MN ID #0401065)
*Pro Hac Vice to be filed*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: arick@johnsonbecker.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RASHEED RAVELL LEVI**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**WALMART, INC. f/k/a WAL-MART STORES, INC.,** an Arkansas Corporation; and **DOES 1-100, inclusive**,<br><br>Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. Strict Products Liability<br><br>2. Negligent Products Liability<br><br>3. Breach of Implied Warranty of Merchantability |

Plaintiff, **RASHEED RAVELL LEVI,** (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, **JOHNSON BECKER, PLLC** and **HARLAN HILLIER DIGIACCO LLP**, hereby submits the following Complaint and Demand for Jury Trial against Defendants **WALMART, INC. f/k/a WAL-MART STORES, INC.**

(hereafter referred to as "Defendant" or "Walmart") and **DOES 1-100** (hereafter referred to as "Doe Defendants") (collectively referred to as "Defendants"), alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. Plaintiff seeks recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was seriously injured by an Instant Pot Duo 60, (hereafter generally referred to as "pressure cooker(s) or "subject pressure cooker") marketed, imported, distributed, and sold by Walmart and designed, manufactured, marketed, imported, distributed and/or sold by Instant Brands, LLC f/k/a Instant Brands, Inc. ("Instant Brands"). Instant Brands is currently engaged bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas, and an automatic stay has been imposed. See *In re: Instant Brands Acquisition Holdings, Inc., et al.*, 4:2023-bk-90716 [Dkt. 1].

2. Defendants market, import, distribute, and sell a wide-range of consumer products, including the subject pressure cooker that is at issue in this case.

3. Said pressure cookers are advertised as convenient and safe and are touted for their supposed "safety" features, which claim to prevent the units from being opened while in use. Despite these claims of "safety," Defendants marketed, imported, distributed, and sold a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

4. Specifically, said defects manifest themselves when, despite claims to the contrary, the lid of the pressure cooker is removable with built-up pressure, heat, and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families, and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing him serious and substantial bodily injuries and damages.

5. On or about June 26, 2023, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed safety features, which purport to keep the consumer safe while using the pressure cooker.

6. Defendants knew or should have known of these defects, but have nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like him.

7. As a direct and proximate result of Defendants' conduct, Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF RASHEED RAVELL LEVI

8. Plaintiff is a resident and citizen of the city of Rialto, County of San Bernardino, State of California.

9. On or about June 26, 2023, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety feature[s],"[1] which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of the failure to redesign the pressure cooker, despite

---

[1] *Id.* at pg. 5.

the existence of economical, safer alternative designs.

## DEFENDANTS WALMART, INC. f/k/a WAL-MART STORES, INC. & DOES 1 – 100

10. Defendant Walmart, Inc. f/k/a Wal-Mart Stores, Inc. ("Walmart") markets, imports, distributes and sells a variety of consumer products, including the subject pressure cooker in this case.

11. Defendant Walmart is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Delaware with its headquarters and principal place of business located in Arkansas. Walmart does business in all 50 states. Walmart is therefore deemed to be a resident and citizen of both the State of Delaware and the State of Arkansas for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

12. Plaintiff is ignorant of the identities of Doe Defendants, and therefore sues these defendants by such fictitious names. The Doe Defendants may be individuals, partnerships, or corporations. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each of the Doe Defendants were the parent, subsidiary, agent, servant, employee, co-venturer, and/or co-conspirator of the other Defendant Walmart and were at all times mentioned, acting within the scope, purpose, consent, knowledge, ratification and authorization of such agency, employment, joint venture and conspiracy. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Doe Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged was proximately caused by their conduct.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is

complete diversity between the parties.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

15. Venue in this Court is also proper pursuant to 28 U.S.C. § 1391 in that Walmart has sufficient minimum contacts with the State of California and intentionally availed itself of the markets within California through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

16. The subject pressure cooker was designed, manufactured, marketed, imported, distributed, and/or sold by Instant Brands, LLC.

17. On or about June 12, 2023, Instant Brands filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, and an automatic stay was imposed. See I*n re: Instant Brands Acquisition Holdings, Inc., et al.*, 4:2023-bk-90716 [Dkt. 1].

18. The pressure cookers marketed, imported, distributed, and sold by Defendants purport to be designed with "safety mechanisms" which promise to "eliminate many common errors which may cause harm or spoil food."

19. By reason of the forgoing acts or omissions, the above-named Plaintiff and his family purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

20. Plaintiff used his pressure cooker for its intended purpose of preparing meals for himself and/or his family and did so in a manner that was reasonable and foreseeable by the Defendants.

21. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured, and ultimately sold and distributed by the Defendants in that it failed to properly function as to prevent the lid from being rotated,

opened, or removed with normal force while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

22. The subject pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

23. Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

24. Defendants knew or should have known that the pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendants continues to ignore and/or conceal their knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of the pressure cookers.

25. As a direct and proximate result of Defendants' concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, and its failure to remove a product with such defects from the stream of commerce, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries.

26. Consequently, Plaintiff in this case seeks damages resulting from the use of the subject pressure cooker as described above, which has caused Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## FIRST CAUSE OF ACTION

## **STRICT PRODUCTS LIABILITY**

PLAINTIFF, FOR A FIRST CAUSE OF ACTION AGAINST WALMART, INC f/k/a WAL-MART STORES, INC., and DOES 1-100, ALLEGES AS FOLLOWS:

27. At the time of Plaintiff's injuries, Defendants' pressure cookers were

defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

28. Defendants' pressure cookers were in the same or substantially similar condition as when they left the possession of the Defendants.

29. Plaintiff and his family did not misuse or materially alter the pressure cooker.

30. The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

31. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

   a. The pressure cookers designed, manufactured, sold, and supplied by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Defendants failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d. Defendants failed to warn and place adequate warnings and instructions on the pressure cookers;

   e. Defendants failed to adequately test the pressure cookers; and

   f. Defendants failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

32. Defendants' actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages,

together with interest and all such other relief as the Court deems proper.

## SECOND CAUSE OF ACTION

## NEGLIGENT PRODUCTS LIABILITY

PLAINTIFF, FOR A SECOND CAUSE OF ACTION AGAINST WALMART, INC. f/k/a WAL-MART STORES, INC., and DOES 1-100, ALLEGES AS FOLLOWS:

33. Defendants had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and his family.

34. Defendants failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendants knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

35. Defendants were negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, they:

    a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

    b. Placed an unsafe product into the stream of commerce; and

    c. Were otherwise careless or negligent.

36. Despite the fact that Defendants knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendants continued to market (and continue to do so) its pressure cookers to the general public.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, together with interest and all such other relief as the Court deems proper.

///

///

///

8
COMPLAINT AND DEMAND FOR JURY TRIAL

## THIRD CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

PLAINTIFF, FOR A THIRD CAUSE OF ACTION AGAINST WALMART, INC. f/k/a WAL-MART STORES, INC., and DOES 1-100, ALLEGES AS FOLLOWS:

37. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

38. At the time Defendants marketed, distributed and sold their pressure cookers to the Plaintiff in this case, Defendants warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

39. Members of the consuming public, including consumers such as Plaintiff, were intended third-party beneficiaries of the warranty.

40. Plaintiff reasonably relied on Defendants' representations that its pressure cookers were a quick, effective and safe means of cooking.

41. Defendants' pressure cookers were not merchantable because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

42. Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

43. Defendants' breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, together with interest and all such other relief as the Court deems proper.

## INJURIES & DAMAGES

44. As a direct and proximate result of Defendants' negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is

entitled to recover damages from Defendants for these injuries in an amount which shall be proven at trial.

45. As a direct and proximate result of Defendants' negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendants in an amount to be proven at trial.

46. As a direct and proximate cause of Defendants' negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendants for her past, present and future medical and other expenses in an amount which shall be proven at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

A. That Plaintiff has a trial by jury on all of the claims and issues;

B. That judgment be entered in favor of the Plaintiff and against Defendants on all of the aforementioned claims and issues;

C. That Plaintiff recover all damages against Defendants, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for his injuries and suffering sustained because of the use of the Defendants' defective pressure cooker;

D. That all costs be taxed against Defendants;

E. That prejudgment interest be awarded according to proof;

///
///
///
///

10
COMPLAINT AND DEMAND FOR JURY TRIAL

F. That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Dated: May 30, 2025                    **HARLAN HILLIER DIGIACCO LLP**

By: */s/ Jordon R. Harlan, Esq.*
    Jordon R. Harlan, Esq.
***In association with:***
**JOHNSON BECKER, PLLC**
Anna R. Rick, Esq. (MN ID #0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: arick@johnsonbecker.com

***Attorneys for Plaintiff***

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all the claims asserted in this Complaint so triable.

Dated: May 30, 2025                           **HARLAN HILLIER DIGIACCO LLP**

By: */s/ Jordon R. Harlan, Esq.*
  Jordon R. Harlan, Esq.
  ***In association with*:**
  **JOHNSON BECKER, PLLC**
  Anna R. Rick, Esq. (MN ID #0401065)
  *Pro Hac Vice to be filed*
  444 Cedar Street, Suite 1800
  St. Paul, MN 55101
  Telephone: (612) 436-1800
  Fax: (612) 436-1801
  Email: arick@johnsonbecker.com

  ***Attorneys for Plaintiff***